Richard A. Euson Sedgwick County Counselor County Courthouse 525 Main, Suite 359 Wichita, Kansas 67203-3790
Dear Mr. Euson:
As Sedgwick County Counselor you ask whether a Kansas county may contract with an out of state public agency (e.g. an Oklahoma county) to house adjudicated juvenile offenders awaiting placement in another facility and convicted adult misdemeanants.
Kansas statutes do not address the subject at hand, neither specifically authorizing nor prohibiting Kansas counties from entering such a contract. Thus your questions must be approached in relation to a county's home rule authority. K.S.A. 19-101, fourth, authorizes a county "to make all contracts . . . in relation to the . . . concerns of the county, necessary to the exercise of its corporate or administrative powers." Additionally, K.S.A. 1996 Supp.19-101a grants counties home rule power "to transact all county business and perform all powers of local legislation and administration it deems appropriate." This home rule authority is, however, subject to the restrictions, limitations and prohibitions set forth in K.S.A. 1996 Supp. 19-101a (a)(1) through (27). In reviewing the enumerated restrictions, limitations and prohibitions, we do not find any of them applicable to the issue you present.
The keeping of county prisoners is clearly a county concern and responsibility, K.S.A. 19-1901, and thus an appropriate subject on which a county may contract pursuant to the general contract authority of K.S.A. 19-101 as well as the home rule authority of K.S.A. 1996 Supp. 19-101a. Further, Kansas statutes do not preclude a county from entering such a contract with an out of state public entity, such as an Oklahoma county. The contractual mechanism used may be an ordinary contract. An interlocal agreement pursuant to K.S.A. 12-2901 et seq. provides an alternative, though somewhat more complex, mechanism to contract with an out of state public entity.
Implicit in your question is whether any special considerations apply in relation to contracting for the detention of juveniles, in particular those who have been adjudicated offenders and are awaiting placement in another facility. In relation to a county's authority to contract with an out of state public agency, no distinctions can be made between convicted adult misdemeanants and adjudicated juvenile offenders awaiting placement.
However, the terms and conditions of such a contract must take into account Kansas statutes which pertain to the detention of such juveniles. For instance, in Kansas juveniles must be permitted visits of parents and friends at reasonable times and must be maintained separate from adult criminals. K.S.A. 19-1919. Thus any contract entered by a Kansas county for the housing of adjudicated juvenile offenders must require conformance with these provisions by the out of state public entity. In addition, the following statutes should be reviewed and terms incorporated in such contract as appropriate:
 • K.S.A. 1996 Supp. 38-1602(j), as amended by 1997 Senate Bill No. 69, § 44, defines "jail" in a manner which excludes a facility in the same building as an adult jail if specified conditions of confinement are met in relation to the separation of juveniles from adults.
 • K.S.A. 38-1691, as amended by 1997 Senate Bill No. 69, § 75, generally prohibits placement or detention of juveniles in jail. (We note that these Kansas statutes were enacted in 1990 to satisfy the requirement of the juvenile justice and delinquency prevention act, 42 U.S.C. § 5601 et seq., which provides federal funds to states that comply with the act's requirement to separate juveniles from adults in jail facilities).
 • K.S.A. 38,16,111, as amended by 1997 Senate Bill No. 69, § 77, sets forth the length of time a juvenile who is awaiting placement in the custody of the secretary of corrections may be held.
Bearing these considerations in mind, a Kansas county may contract with an out of state public agency for the housing of convicted adult misdemeanants and adjudicated juvenile offenders.
Very truly yours,
 CARLA J. STOVALL ATTORNEY GENERAL FOR KANSAS
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm